**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3409-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRENDA WILLIAMS,

     Defendant-Appellant.

_____

Argued November 12, 2020 – Decided January 20, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6234.

Joshua M. Nahum argued the cause for appellant (Law Offices of Alan L. Zegas, attorneys; Alan L. Zegas and Joshua M. Nahum, on the briefs).

Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney; Albert Cernadas, Jr., of counsel and on the brief).

PER CURIAM

Defendant Brenda Williams appeals from the Law Division's February 26, 2019 order affirming her municipal court conviction for careless driving, N.J.S.A. 39:4-97. On appeal, defendant principally argues that the State failed to meet its burden of proving every element of N.J.S.A. 39:4-97. We affirm substantially for the reasons set forth in Judge Lara K. DiFabrizio's cogent written opinion. We add only the following comments.

We discern the following facts from the municipal court trial transcript. On June 24, 2018, at approximately 5:48 p.m., Gladys Martinez was traveling from her home in Linden to her daughter's residence in Roselle Park. While traveling on Locust Street, Martinez began to make a right-hand turn onto West Webster Avenue, but stopped when she observed two pedestrians crossing West Webster Avenue in the crosswalk. When Martinez stopped, defendant rear-ended her vehicle.

Officer James Kompany of the Roselle Park Police Department was dispatched to the scene and took statements from both drivers. Martinez informed Kompany that she stopped her vehicle after observing pedestrians walking in the crosswalk and was struck from behind. Defendant informed Kompany that Martinez "came to an abrupt stop," and defendant "just didn't realize that [Martinez] was stopping like that so . . . she hit her." After

2

interviewing the parties and assessing the scene of the accident, Kompany issued defendant a summons for careless driving.

At the municipal trial, however, defendant contradicted her statement at the scene of the accident, testifying that Martinez had fully executed her right-hand turn and was out of view when she abruptly backed up and slammed into defendant's vehicle. The municipal judge found that both Martinez and Kompany were credible. In contrast, the judge determined defendant's testimony was "contradictory" because she "made no mention to the officer at the time about the other vehicle backing up into the intersection." The municipal judge found defendant guilty of careless driving due to her failure to pay attention to the vehicle in front of her and her failure in not allowing a proper distance between her vehicle and Martinez's vehicle. The municipal judge imposed a $106 fine as well as $33 in court costs.

Defendant appealed her conviction to the Law Division. Judge DiFabrizio affirmed defendant's conviction and sentence. The judge also found the defendant's "version of events to be inconsistent with the evidence, self-serving, and to lack merit." The judge determined that there was nothing in the record to undercut the credibility findings of the municipal court. The judge concluded, based on the facts adduced during the trial, that: (1) defendant operated a motor

vehicle in Roselle Park on June 24, 2018; (2) defendant drove without due caution when she failed to realize Martinez's car had come to a stop, and failed to stop prior to colliding into the rear of her vehicle; and (3) defendant's conduct endangered Martinez, the pedestrians crossing the street, and Martinez's vehicle.

Our "review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting State v. Locurto, 157 N.J. 463, 470 (1999)). The "standard of review of a de novo verdict after a municipal court trial is to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). "[A]ppellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting Locurto, 157 N.J. at 474). However, a "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The relevant motor vehicle statute, N.J.S.A. 39:4-97, states: "A person who drives a vehicle carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving." In the case before us, Martinez's testimony and defendant's admission to Kompany about how the accident occurred amply support the conclusion that defendant was following the car in front of her too closely and failed to make proper observations. These facts also support the decisions of both judges that defendant was guilty beyond a reasonable doubt of careless driving. See Dolson v. Anastasia, 55 N.J. 2, 10 (1969) ("a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle . . . Failure to do so resulting in a collision, is negligence") (internal citation omitted).

To the extent not specifically addressed, defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3409-18T1